Michael L. JAMES, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 98–SC–567–KB.

Supreme Court of Kentucky.

Sept. 3, 1998.

### OPINION AND ORDER

Michael L. James, whose address of record is Chestnut Center, Seventh Floor, 610 South Fourth Avenue, Louisville, KY 40202, desires to terminate Kentucky Bar Association (KBA) proceedings against him by consenting to a suspension from the practice of law for thirty days pursuant to SCR 3.130–1.3. The KBA has no objection and requests that this Court grant Movant's motion for suspension from the practice of law.

On November 17, 1997, the Inquiry Tribunal issued a three-count charge against Movant stemming from a complaint filed against him by Vicki L. Jones regarding his representation of her in an uncontested divorce action in Jefferson County. Jones and her husband executed a property settlement agreement drafted by Movant in late October 1996, and Movant did not provide a final copy of the petition for dissolution of marriage for Jones's signature until on or about February 3, 1997. On February 26, 1997, Movant received a copy of a Bar complaint filed against him by Ms. Jones. On February 28, 1997, Movant filed the petition for dissolution and property settlement agreement; however, in May of 1997, Jones discovered the decree of dissolution of marriage had not been entered. Movant arranged for the matter to be heard by the Domestic Relations Commissioner on June 26, 1997. At that time, Movant did not appear but sent another attorney in his place. Ms. Jones and the attending attorney appeared before the Domestic Relations Commissioner, but discovered the decree could not be entered because of an incomplete and insufficient record. The decree of dissolution was not entered until September 25, 1997, eleven months after the initial meeting between Movant and his client.

In Count I, the Inquiry Tribunal charged Movant with a violation of SCR 3.130–1.4(a)(b) for failing to adequately communi-

cate with Ms. Jones between January 1997 and June 1997 regarding the status of her divorce case. In Count II, the Inquiry Tribunal charged Movant with a violation of SCR 3.130–1.3 for his failure to timely file and complete Jones's divorce action. In Count III, the Inquiry Tribunal charged Movant with a violation of SCR 3.130–1.1 for failure to discern, obtain, prepare and provide the court with the necessary information to enter his client's divorce decree.

Movant denies Counts I and III of the charge, and requests dismissal of both of those counts. Movant admits Count II of the charge. Conceding that he failed to timely complete the divorce actions on behalf of his client in violation of 3.130–1.3, Movant requests a suspension of thirty days for this violation.

Upon the foregoing facts and charges, it is ordered that Movant's motion for a thirty day suspension from the practice of law be granted. It is further ordered that:

1. Counts I and III of the charges are dismissed.

2. On Count II, the Movant, Michael L. James, is hereby suspended from the practice of law in Kentucky for a period of thirty days. This period of suspension shall commence on the date of entry of this order and continue until such time as Movant is reinstated to the practice of law by order of this Court pursuant to SCR 3.510 or any controlling amendment to SCR 3.510.

3. In accordance with SCR 3.450 and SCR 3.480(3), Movant is directed to pay all costs associated with this disciplinary proceeding against him, said sum being $45.20, and for which execution may issue from this Court upon finality of this opinion and order.

All concur.

ENTERED: September 3, 1998.

/s/ Robert F. Stephens
    Chief Justice