### In the Matter of Michael L. JAMES, Respondent.

### No. 98S00–9809–DI–509.

Supreme Court of Indiana.

March 22, 1999.

### ORDER IMPOSING RECIPROCAL DISCIPLINE

This Court, pursuant to Ind.Admission and Discipline Rule 23, Section 28, ordered the respondent, Michael L. James, to appear and show cause why this Court should not impose identical reciprocal discipline in this state for attorney misconduct committed by the respondent in Kentucky. The Supreme Court of Kentucky suspended him for 30 days for failing to timely file and complete a client's uncontested dissolution. *James v. Kentucky Bar Association,* 973 S.W.2d 844 (Ky.1998). Pursuant to Ind.Admission and Discipline Rule 23(28)(d), a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.

The respondent, pursuant to Admis.Disc.R. 23(28)(c), has filed his *Response to Show Cause Order* in which he argues that a 30–day suspension from the practice of law in Indiana is unwarranted in this case and requests instead that he be given a public reprimand.

And this Court, being duly advised, now finds that the respondent has failed to demonstrate why imposition of identical reciprocal discipline is not warranted in this case.

Accordingly, the Court orders that the respondent, Michael L. James, be suspended

from the practice of law for thirty (30) days, beginning April 26, 1999. After the expiration of that thirty (30) days, he will be automatically reinstated, subject to the condition that he demonstrate that he has been reinstated to the practice of law in the state of Kentucky.

The Clerk is directed to send a copy of this order to the respondent or his attorney and to the Indiana Supreme Court Disciplinary Commission.

The Clerk of this Court is further directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

All Justices concur.