**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Michael L. JAMES, Respondent.**

**No. 99–SC–0710–KB.**

Supreme Court of Kentucky.

Oct. 21, 1999.

## OPINION AND ORDER

Respondent, Michael L. James, was admitted to the practice of law in the Commonwealth of Kentucky on April 26, 1985. In November 1997, Michael Hardin filed a complaint with the Kentucky Bar Association concerning Respondent's representation of Hardin in a civil matter. Hardin claimed that Respondent had agreed to represent him in a lawsuit against his uncle, Gregory Dunn, which involved a vehicle purchase transaction between Hardin and Dunn. Ultimately, a civil complaint against Dunn was prepared by Respondent, with Hardin agreeing to give Respondent a discount on the purchase of windows in exchange for Respondent's legal services.

On several occasions, Respondent instructed Hardin to appear at the courthouse because his case was on the docket. However, when Hardin went to the courthouse, Respondent was never present. When questioned each time, Respondent stated that the court date had been changed. Hardin eventually contacted the clerk's office and was informed that his case had never been filed. Hardin thereafter contacted Respondent and requested the case number. Respondent provided Hardin three case numbers, none of which corresponded to his civil case, as well as gave Hardin a copy of a civil complaint styled *Michael Hardin v. Gregory Dunn*, filed with the Jefferson Circuit Court, Case No. 96–CI–005582. In fact, that case

number represented an entirely different matter in which Respondent was also the attorney of record.

At some point, Respondent contacted Hardin and informed him that the case had been settled. Respondent provided Hardin with a release and settlement agreement in which Dunn was to pay Hardin $5,000 in consideration for Hardin releasing all claims against him. Hardin signed the release and settlement agreement in the presence of his wife, Respondent, and a notary public. When Hardin did not receive the $5,000, he contacted Dunn's attorney, Michael Smither, and was advised that neither Dunn nor Smither were aware of a complaint or settlement agreement. In fact, Respondent had never filed the complaint and had drafted the false settlement agreement without the opposing party's knowledge.

On August 12, 1998, the Inquiry Commission issued a two-count charge against Respondent. Count 1 charged Respondent with a violation of SCR 3.130–8.3(c) for falsely informing his client that a civil complaint had been filed when it had not; providing his client with a copy of the purported complaint with a file number from an unrelated case; providing his client with a release and settlement agreement when it had never been filed; and leading his client to believe that the case had been settled. Count 2 charged Respondent with a violation of SCR 3.130–1.4(b) for failing to adequately inform his client about the status of a civil complaint and falsely leading his client to believe that the civil complaint had been filed and ultimately settled.

Pursuant to SCR 3.230, a Trial Commissioner was appointed and an evidentiary hearing was conducted. Following a review of the commissioner's report, the Board of Governors of the KBA found Respondent guilty on Count 1 of the charge and recommended that he be suspended from the practice of law in the Commonwealth of Kentucky for a period of six (6) months. Neither Respondent

nor the KBA filed a notice for review in this Court. Accordingly, pursuant to SCR 3.370(10) we adopt the decision of the Board of Governors.

Therefore, it is ordered that Respondent, Michael L. James, is hereby suspended from the practice of law in Kentucky for a period of six (6) months. The period of suspension shall commence on the date of entry of this order and continue until such time as Respondent is reinstated to the practice of law by order of this Court pursuant to SCR 3.510 or any controlling amendment to SCR 3.510. It is further ordered that:

1. In accordance with SCR 3.450 and SCR 3.480(3), Respondent is directed to pay all costs associated with this disciplinary proceeding against him, said sum being $1,936.09, and for which execution may issue from this Court upon finality of this opinion and order.

2. Pursuant to SCR 3.390, Respondent shall within ten days from the entry of this order, notify all clients in writing of his inability to represent them, and also notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the director of the Kentucky Bar Association.

COOPER, JOHNSTONE, KELLER, and WINTERSHEIMER, JJ., concur.

LAMBERT, C.J., GRAVES, and STUMBO, JJ., would have taken review pursuant to SCR 3.370(9).

ENTERED: October 21, 1999.

/s/ Joseph E. Lambert
Chief Justice