535 S.E.2d 911

**In the Matter of Michael L. JAMES, Respondent.**

**No. 25175.**

Supreme Court of South Carolina.

Submitted July 11, 2000.

Decided July 24, 2000.

18

Michael L. James, pro se.

Henry B. Richardson, Jr., of Columbia, for the Office of the Disciplinary Counsel.

PER CURIAM:

By way of the attached Opinion and Order of the Supreme Court of Kentucky dated May 23, 2000, respondent was suspended from the practice of law in that state for one year.[1] Letters from the Clerk of this Court, dated May 5, 2000, and June 7, 2000, notifying respondent that he had thirty (30) days in which to inform this Court of any reason the imposition of the identical discipline should not be imposed on respondent in this state were sent to respondent via certified mail at two addresses listed with the South Carolina Bar, Kentucky State Bar, Supreme Court of Kentucky, and the Office of Bar Counsel for the Kentucky State Bar. A copy of the June 7, 2000, letter was also sent to Timothy Denison, counsel for respondent in the matter before the Supreme Court of Kentucky, via first class mail after speaking with Mr. Denison via telephone and receiving assurances from Mr. Denison that if the letter was sent to him he would see that respondent received it. *See* Rule 29(b), RLDE, Rule 413, SCACR. The May 5, 2000, letter was returned unclaimed. The June 7,

---

[1]. Respondent was previously suspended for thirty days by the Kentucky Supreme Court on September 3, 1998. This Court imposed reciprocal discipline of thirty days' suspension on November 6, 1998. *In the Matter of James*, 333 S.C. 59, 508 S.E.2d 28 (1998).

2000, letter to respondent was claimed by someone other than respondent. The Court has not received a response from respondent.

▉ Finding a sufficient attempt has been made to serve notice on respondent, and finding none of the factors in Rule 29(d), RLDE, Rule 413, SCACR, present in this matter, we hereby suspend respondent from the practice of law in this state for one year, retroactive to March 23, 2000, the date of the Opinion and Order of the Supreme Court of Kentucky. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

DEFINITE SUSPENSION.

### APPENDIX

Supreme Court of Kentucky

2000–SC–0147–KB

MICHAEL L. JAMES, MOVANT

V.        IN SUPREME COURT

KENTUCKY BAR ASSOCIATION, RESPONDENT

### OPINION AND ORDER

Michael L. James of Louisville, Kentucky, moves this Court, pursuant to SCR 3.480(3), for an order suspending him from the practice of law in Kentucky for a period of one year from the date of the order and for sixty days, to run concurrently with the one-year suspension. James acknowledges his misconduct in the following pending disciplinary matters.

### KBA Charge 7125

The Inquiry Commission on September 18, 1999, issued a three-count charge against James arising from his representation of a client and her claim for personal injury sustained in an accident. On September 24, 1993, James filed a complaint in circuit court and on October 20, 1994, the circuit court filed a notice to dismiss for lack of prosecution. No action was taken by James and the order dismissing for lack of prosecution was entered November 23, 1994. On November 25, 1994,

he filed a motion to continue, which was denied on December 7.

James failed to inform his client that her case had been dismissed for lack of prosecution and that a motion to continue it was also denied. In May of 1995, he advised the client that the case was ongoing and would likely go to trial in August of that year. In May, the client discovered from another attorney that the case had been dismissed in November of 1994. She dismissed James and hired a successor attorney who filed an Entry of Appearance and Motion for Relief from an Order of Dismissal which was denied.

In Count I of KBA File 7125, the Inquiry Commission charges James with a violation of SCR 3.130–1.3 which provides that a lawyer shall act with reasonable diligence and promptness in representing a client. In Count II of KBA File 7125, the commission charges James with a violation of SCR 3.130–1.4(a) which provides that a lawyer should keep a client reasonably informed about the status of a matter and promptly comply with the reasonable request for information.

Count III of KBA File 7125 recites the Inquiry Commission charge against James for a violation of SCR 3.130–8.3(c) which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

James admits that he violated the above mentioned Supreme Court Rules by failing or refusing to take necessary steps to avoid the dismissal of the case; by failing to inform the client that her case was dismissed for lack of prosecution; by failing to inform her that the motion to continue was denied and by falsely advising her in May 1995 that her case was going to trial in August 1995, when it had already been dismissed in November 1994.

### KBA 7282

On December 14, 1999, the Inquiry Commission issued a one-count charge against James which arose from his representation of a client while he was under a 30–day suspension by order of this Court. James has not been reinstated to the practice of law by this Court pending a determination of an

objection to automatic reinstatement upon the expiration of 30 days.

In Count I of File 7282, the Inquiry Commission charges James with a violation of SCR 3.130–5.5(a), which provides that "a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." James admits that he violated the rule by appearing at a mediation conference representing a client in a case in the Jefferson Circuit Court while he was suspended from the practice of law in Kentucky.

James desires to terminate the disciplinary proceedings by consenting to a suspension from the practice of law for one year and 60 days, with the 60 days to run concurrent with the one-year suspension. He acknowledges that his conduct al-. leged in Counts I, II and III of KBA File 7125 and Count I of KBA File 7282 constitutes unethical and unprofessional conduct.

James was admitted to the practice of law in Kentucky in 1985. He was suspended from the practice of law for 30 days on September 3, 1998, and suspended from the practice of law again by order of this Court for six months beginning on October 21, 1999.

It is hereby ORDERED that:

1) The motion of James for suspension from the practice of law for a period of one year from the date of this order and for 60 days to run concurrent with that year is GRANTED.

2) James shall not be permitted to engage in the practice of law as defined by SCR 3.020 in Kentucky for at least one year and until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

3) James may seek reinstatement after one year from the date of this order, only under the terms of the rules of court in effect at the time readmission is sought, as well as any other terms ordered by this Court.

4) In accordance with SCR 3.450 and SCR 3.480(3), James is directed to pay all costs associated with this disciplinary proceeding against him in the amount of $42.03. Upon finality

of this Opinion and Order, execution may issue from this Court for said costs.

5) Pursuant to SCR 3.390, James is ORDERED to provide notice to all clients that he currently represents, if applicable, of his inability to perform legal services and to notify all courts in which he has matters pending of his suspension and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneous to their mailing.

Lambert, C.J., Cooper, Johnstone, Keller Wintersheimer and Stumbo, JJ., concur. Graves, J., dissents and would impose greater discipline.

Entered: March 23, 2000

/s/ Joseph E. Lambert
Chief Justice

COUNSEL FOR MOVANT:

Timothy Denison
730 West Main Street
Suite 390
Louisville, KY 40202–2640

COUNSEL FOR RESPONDENT:

Bruce K. Davis
Executive Director
Kentucky Bar Association
514 West Main Street
Frankfort, KY 40601

Jay R. Garrett
Kentucky Bar Association
514 West Main Street
Frankfort, KY 40601