## In the Matter of Michael L. JAMES.

### No. 98S00–0002–DI–101.

Supreme Court of Indiana.

Aug. 25, 2000.

### ORDER FINDING MISCONDUCT AND IMPOSING RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission has filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause,* wherein it states that the respondent, Michael L. James, has been disciplined by the Supreme Court of Kentucky and requests, pursuant to Ind.Admission and Discipline Rule 23, Section 28(b), that identical reciprocal discipline be imposed in this state. Although this Court issued an *Order to Show Cause Why Reciprocal Discipline Should not be Imposed,* the respondent has not responded, and, accordingly, this case is now before us for final resolution.

We now find that the respondent was admitted to the bar of this State on November 20, 1986. Pursuant to order of this Court, he has been suspended from the practice of law in this state since April 26, 1999. *Matter of James,* 707 N.E.2d 806 (Ind.1999). On March 23, 2000, the Supreme Court of Kentucky issued an order suspending the respondent from the practice of law in the state of Kentucky for a period of 1 year and sixty (60) days, with the periods to run concurrently, and with reinstatement in Kentucky predicated upon reinstatement under the terms of the rules of the Supreme Court of Kentucky at the time readmission is sought. The decision of that court was based upon its finding, under two counts, that the respondent (1) failed to take action on a client's case, resulting in the case being dismissed for lack of prosecution, then failing to inform the client of the case's dismissal, all in violation of Kentucky SCR 3.130–1.3, 3.130–1.4(a), and 3.130–8.3(c) [1]; and (2) by appearing at a mediation conference on behalf of a client while he was subject to an earlier order of suspension from the practice of law in Kentucky, in violation of Kentucky SCR 3.130–5.5(a).[2]

We find further that the respondent has not shown any cause why, under Admis.Disc.R. 23(28)(c), identical reciprocal discipline should not issue in this state for the misconduct found by the Supreme Court of Kentucky. Accordingly, we find that the final adjudication in Kentucky that the respondent is guilty of lawyer misconduct establishes conclusively the misconduct in this state, and that the imposition of identical reciprocal discipline, pursuant to Admis.Disc.R. 23(28)(c), is warranted.

IT IS, THEREFORE, ORDERED that the respondent, Michael L. James, is hereby suspended from the practice of law for a period of not less than one year, effective immediately. At the conclusion of that period, the respondent may petition this Court for reinstatement to the bar of this

---

1. The Indiana analogue to those rules are Ind.Professional Conduct Rules 1.3, 1.4(a), and 8.4(c).

2. The Indiana analogue to that rules is Prof. Cond.R. 5.5(a).

state, provided he can satisfy the requirements of Admission and Discipline Rule 23(4) and demonstrate readmission to the Kentucky bar.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.