Michael L. JAMES, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2001–SC–0220–KB.

Supreme Court of Kentucky.

April 26, 2001.

**OPINION AND ORDER**

Movant Michael L. James, whose last known address is 8809 Nottingham Pky., Louisville, KY 40222, desires to terminate Kentucky Bar Association (KBA) proceedings against him by consenting to a suspension from the practice of law for six months pursuant to SCR 3.480(3). The KBA has no objection to the motion for

---

termination of proceedings. James is currently suspended from the practice of law. He was previously suspended for thirty days on September 3, 1998, *James v. Kentucky Bar Association,* Ky., 973 S.W.2d 844 (1998); for six months on October 21, 1999, *Kentucky Bar Association v. James,* Ky., 2 S.W.3d 787 (1999); and for one year with a concurrent sixty-day suspension on March 23, 2000, *James v. Kentucky Bar Association,* Ky., 13 S.W.3d 925 (2000). He has not been reinstated.

On November 18, 2000, the Inquiry Commission issued a three-count charge against Movant, regarding his representation of Jennifer Owens. On June 25, 1997, Movant filed suit on Owens's behalf for damages for injuries sustained in an automobile accident. However, James was suspended from the practice of law for thirty days on September 18, 1998. Since the KBA objected to Movant's automatic reinstatement, representation of Owens was assumed by another attorney in Movant's office. However, that attorney was convicted of a felony, terminated from his employment, and automatically suspended from the practice of law on December 10–11, 1998. Owens was left without an attorney and remained unaware that Movant was suspended from the practice of law.

Soon thereafter, opposing counsel noticed Movant for a scheduled deposition of Owens. Movant failed to notify Owens of this fact and she did not appear for the deposition. Opposing counsel then moved to dismiss the action. Movant received notice of the motion, but failed to inform Owens of the motion and its hearing date. No one appeared in court to contest the motion and Owens's suit was dismissed on January 26, 1999. Owens did not discover this until June 1999.

Count I alleges a violation of the attorney's duty of diligence, SCR 3.130–1.3, for failing to notify Owens of her deposition, the motion for dismissal, and the dismissal of her case. Count II alleges a violation of SCR 3.130–1.4(a), the duty to keep a client reasonably informed, for failing to notify Owens of her deposition, the motion to dismiss, and the dismissal of her case. Count III alleges a violation of SCR 3.130–1.16(d), which states "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee...." Count III alleges that Movant violated this provision by failing to have a licensed attorney appear at Owens's deposition or dismissal hearing, and failing to have a licensed attorney file a response to the motion to dismiss.

Movant denies Counts I and II of the charges claiming that he could not have taken the actions described in those charges without engaging in the practice of law in contravention of the terms of his suspension. Movant asks that these charges be dismissed. As to Count III, Movant admits to the violation and asks to be suspended for six months from the practice of law effective March 23, 2001. Thus, Movant will have been suspended from the practice of law for a total of three years. While we regard as dubious, at best, Movant's assertion that mere notification of his client of either pending discovery or a motion to dismiss would have violated the terms of his previous suspension, the KBA does not object to Movant's proposed disposition of the charges.

Upon the foregoing facts and charges, it is ordered that Movant's motion for termination of the proceedings against him is granted. It is further ordered that:

1. The Movant, Michael L. James, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of six months. The period of suspension shall commence on March 23, 2001 and continue until such time as Movant is reinstated to the practice of law by order of this Court pursuant to SCR 3.510 or any controlling amendment to SCR 3.510.

2. Counts I and II are dismissed.

3. In accordance with SCR 3.450 and SCR 3.480(3), Movant is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $40.67, and for which execution may issue from this Court upon finality of this opinion and order.

4. Pursuant to SCR 3.390, Movant shall, within ten (10) days from the entry of this order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

ENTERED: April 26, 2001.

/s/ Joseph E. Lambert
Chief Justice