TO BE PUBLISHED

# Supreme Court of Kentucky

## 2007-SC-000116-KB

DATE 6-26-07 ЕНА Gravitt P.C

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

NANCY E. SHELBY CALLOWAY                          RESPONDENT

## OPINION AND ORDER OF PUBLIC REPRIMAND

### I. INTRODUCTION

The Kentucky Bar Association (KBA), pursuant to Supreme Court Rule (SCR) 3.435, has moved this Court to impose reciprocal discipline on Nancy E. Shelby Calloway, KBA Number 10129. Calloway was admitted to the practice of law in Kentucky on October 9, 1980. Calloway's last known roster address is 308 Shelby-Calloway Road, Elkton, Kentucky 42220.

On January 26, 2007, the Board of Professional Responsibility of the Supreme Court of Tennessee entered an order of Public Censure against Calloway. This action was taken based on Calloway's actions during a divorce proceeding in that state. The facts are as follows:

> Judge Davies awarded a divorce to Respondent's client on grounds of adultery but also found Respondent's client to be guilty of an affair with Respondent. In open court Judge Davies stated, "Ms. Calloway, your conduct in this case is not professional. Don't ever do that again. If I hear about it, I'll report you to the Board."

Based on these circumstances, the Tennessee Board of Professional Responsibility concluded Calloway had violated Tennessee Rules of Professional Conduct 1.7(b), 8.4(a), and 8.4(d).

Upon receipt of notice of the Tennessee Order of Public Censure, the KBA filed a Petition for Reciprocal Discipline. The KBA recommends this Court impose a Public Reprimand on Calloway. In accordance with Supreme Court Rule (SCR) 3.435, we ordered Calloway to show cause, if any, why reciprocal discipline should not be imposed. Calloway elected to file no response to this Court's Show Cause Order. Having failed to show by substantial evidence that either of the exceptions set out in SCR 3.435 apply, we conclude reciprocal discipline is mandated by the rule.

## II. ANALYSIS

SCR 3.435 applies to those situations where members of the KBA have been sanctioned for ethical violations in other states. The rule mandates that this Court impose "identical discipline unless Respondent proves by substantial evidence" either "(a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding," or "(b) that misconduct established warrants substantially different discipline in this State." See SCR 3.435(4). Further, the rule requires us to recognize that a final adjudication of misconduct in another jurisdiction establishes conclusively the misconduct for purposes of a disciplinary proceeding in Kentucky. See SCR 3.435(5).

The Board of Professional Responsibility of the Supreme Court of Tennessee concluded Calloway's actions during her representation of a client in a divorce case violated Tennessee Rule of Professional Conduct 1.7(b), 8.4(a), and 8.4(d). SCR 3.130-1.7(b) states:

(b)   A lawyer shall not represent a client if the representation of that client

2

may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) The lawyer reasonably believes the representation will not be adversely affected; and

(2) The client consents after consultation....

This rule is equivalent to Tennessee Rule of Professional Conduct 1.7(b) with the exception that the Tennessee Rule adds the words "in writing" after "consents" in §§(b)(2). SCR 3.130-8.3(a) states:

It is professional misconduct for a lawyer to:

(a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another[.]

The provisions of SCR 3.130-8.3(a) are identical to the provisions of Tennessee Rule of Professional Conduct 8.4(a). Kentucky has not adopted a rule equivalent to Tennessee Rule of Professional Conduct 8.4(d).

Inasmuch as Calloway has been disciplined by the Board of Professional Responsibility of the Supreme Court of Tennessee by Order of Public Censure, and inasmuch as Calloway's actions are governed by equivalent rules of professional conduct in the Commonwealth of Kentucky, Calloway is subject to Public Reprimand as authorized by SCR 3.380. Further, this Court has imposed the sanction of Public Reprimand for similar conduct. See Bezold v. Kentucky Bar Assoc., 134 S.W.3d 556 (Ky. 2004)(attorney admitted romantic involvement with client in a divorce action, court found violation of SCR 3.130-1.7(b)). Thus, we can find no reason to believe Calloway's conduct warrants substantially different discipline.

3

This rule is equivalent to Tennessee Rule of Professional Conduct 1.7(b) with the exception that the Tennessee Rule adds the words "in writing" after "consents" in §§(b)(2). SCR 3.130-8.3(a) states:

It is professional misconduct for a lawyer to:

(a)   Violate or attempt to violate the Rules of Professional
      Conduct, knowingly assist or induce another to do so, or do
      so through the acts of another[.]

The provisions of SCR 3.130-8.3(a) are identical to the provisions of Tennessee Rule of Professional Conduct 8.4(a). Kentucky has not adopted a rule equivalent to Tennessee Rule of Professional Conduct 8.4(d).

Inasmuch as Calloway has been disciplined by the Board of Professional Responsibility of the Supreme Court of Tennessee by Order of Public Censure, and inasmuch as Calloway's actions are governed by equivalent rules of professional conduct in the Commonwealth of Kentucky, Calloway is subject to Public Reprimand as authorized by SCR 3.380. Further, this Court has imposed the sanction of Public Reprimand for similar conduct. See Bezold v. Kentucky Bar Assoc., 134 S.W.3d 556 (Ky. 2004)(attorney admitted romantic involvement with client in a divorce action, court found violation of SCR 3.130-1.7(b)). Thus, we can find no reason to believe Calloway's conduct warrants substantially different discipline.

### III. CONCLUSION

SCR 3.435 governs petitions for reciprocal discipline. Calloway has failed to prove by substantial evidence that either of the exceptions set out in the rule. See SCR 3.435(4). Therefore, this Court shall impose reciprocal discipline as follows:

IT IS HEREBY ORDERED:

4

1.  Nancy E. Shelby Calloway, KBA Member Number 10129, is adjudicated guilty of unprofessional conduct based on the facts set out in KBA file 14983.

2.  Nancy E. Shelby Calloway is Publicly Reprimanded for her conduct.

3.  In accordance with SCR 3.450, Nancy E. Shelby Calloway shall pay all costs associated with these disciplinary proceedings, for which execution may issue from this Court upon finality of this Order.

All sitting.  All concur.

ENTERED:  June 14, 2007.

_____
CHIEF JUSTICE