The Kentucky Bar Association (KBA) asks this Court to adjudicate Michael L. James guilty of violating Kentucky Supreme Court Rule (SCR) 3.130 (5.5)(a), 3.130(3.4)(c), and 3.130(3.3)(a)(1), and to order that he be suspended from the practice of law for three years. Michael L. James was admitted to practice law in the Commonwealth of Kentucky in 1985. One year later, he was admitted to practice in Indiana. His bar roster address is 3201 Leith Lane *811, Louisville, Kentucky 40218, and his KBA member number is 81038.[1] Due to James's conduct at issue in this disciplinary action, as well as his prior disciplinary history, we agree with the KBA and order James suspended for three years from the practice of law.
FACTS AND PROCEDURAL HISTORY
The three-count charge against James alleges violations of SCR 3.130 (5.5)(a) for continuing to practice law in Indiana while he was suspended, SCR 3.130 (3.4)(c) for violating the Supreme Court of Indiana's order suspending him from the practice of law, and SCR 3.130 (3.3)(a)(1) for falsely stating to the Supreme Court of Indiana that he believed he had been readmitted to practice law in the state. These allegations stem from a 2016 Indiana order holding James in contempt of court, imposing a $ 1,000 fine, and suspending him from the practice of law for two years. This order will be discussed in turn with his other disciplinary history below.
James has a lengthy history of discipline imposed in this state and Indiana. On September 3, 1998, this Court entered an order suspending James from the practice of law for 30 days for violating SCR 3.130 (1.3) when he failed to timely complete a divorce action on behalf of his client. James v. Kentucky Bar Ass'n, 973 S.W.2d 844 (Ky. 1998). The Supreme Court of Indiana imposed reciprocal discipline on March 22, 1999.
*689 In the Matter of Michael L. James, 707 N.E.2d 806 (Ind. 1999). On October 21, 1999, this Court again suspended James for six months for violating SCR 3.130 (1.4)(b) after he failed to adequately inform a client about the status of his case, and SCR 3.130 (8.3)(c) for falsely informing his client that the complaint had been filed when it had not. Kentucky Bar Ass'n v. Michael L. James, 2 S.W.3d 787 (Ky. 1999). On March 23, 2000, this Court imposed an additional one-year suspension for violations of SCR 3.130 (1.3), 3.130(1.4)(a), 3.130(8.3)(c), and 3.130(5.5)(a) because of his inadequate representation of a client, and for representing another client while he was under the previous 30-day suspension. Michael L. James v. Kentucky Bar Ass'n, 13 S.W.3d 925 (Ky. 2000). The Supreme Court of Indiana imposed reciprocal discipline and suspended James for one year, stating that at the end of the one-year period James could petition for reinstatement. In the Matter of Michael L. James, 734 N.E.2d 534 (Ind. 2000).
On April 26, 2001, James received his fourth suspension in Kentucky, this time for six months for violating SCR 3.130 (1.16)(d) by failing to protect client interests after termination of his representation. Michael L. James v. Kentucky Bar Ass'n, 41 S.W.3d 850 (Ky. 2001). James remained suspended for almost eight years. On January 22, 2009, he was reinstated to the practice of law in Kentucky. Michael L. James v. Kentucky Bar Ass'n, 275 S.W.3d 694 (Ky. 2009).
Although reinstated in Kentucky, James was not reinstated in Indiana. On April 28, 2014, an Indiana lawyer filed a bar complaint with the KBA alleging that James had been practicing law in Indiana while suspended. The Indiana Disciplinary Commission initiated proceedings against James on February 10, 2016, alleging that James appeared and represented clients in ten separate cases while suspended from practicing law. The Kentucky disciplinary proceedings were held in abeyance awaiting the outcome of the underlying allegations in Indiana.
On July 15, 2016, the Supreme Court of Indiana held James in contempt of court and imposed a two-year suspension. In the Matter of: Michael L. James, 78 N.E.3d 1086 (Ind. 2016). James admitted to practicing law in Indiana while suspended but asserted that he believed he had been readmitted to the bar. The Supreme Court of Indiana found that his mistaken belief was not credible. The record reflects that James tendered a request for readmission in 2010, but the request was noncompliant with Indiana disciplinary rules and was accordingly rejected. Additionally, the Supreme Court of Indiana noted that an Indiana judge questioned James's suspended status in 2013. Even if he had believed, up until that point, that he had been reinstated in Indiana, he was put on notice by the judge in 2013 that he remained on suspended status but continued to practice law thereafter as late as September 2015. In addition to a two-year suspension, the Supreme Court of Indiana imposed a $ 1,000 fine.
Following the entry of the Indiana order, the Inquiry Commission filed the three-count charge against James referenced supra on October 20, 2016. James was charged with violating SCR 3.130 (5.5)(a) for continuing to practice law in Indiana while he was suspended; SCR 3.130 (3.4)(c) for disregarding the Supreme Court of Indiana's orders suspending him from practicing law, leading to him being held in contempt of the Court; and SCR 3.130 (3.3)(a)(1) for falsely stating to the Supreme Court of Indiana that he believed he had been readmitted to the practice of law in the state.
James sought leave to file a late answer, and ultimately filed his answer to the charge on December 21, 2016. On September 11, 2017, a Trial Commissioner was *690 appointed. On January 23, 2018, Bar Counsel filed a Motion in limine asserting that all three orders entered by the Supreme Court of Indiana provided conclusive proof of the facts alleged in the KBA charge and therefore James should be collaterally estopped from offering proof otherwise. James did not respond. A final telephonic pre-trial hearing was held on February 7, 2018, where arguments were heard on the motion. The Trial Commissioner entered an order granting the motion in limine and the hearing on the charge was held on February 19, 2018.
During the hearing Bar Counsel introduced a March 1999 order from Indiana imposing reciprocal discipline which states that James was suspended for 30 days and would be automatically reinstated once he demonstrated that he was reinstated to practice law in Kentucky. However, an August 2000 order from Indiana imposing reciprocal discipline of a one-year suspension states that after one year, James could petition the Supreme Court of Indiana for reinstatement, provided he could satisfy the requirements of Admission and Discipline Rule 23(4) and demonstrate readmission to the Kentucky Bar. Bar Counsel questioned whether James understood that, according to the order, he would not be automatically reinstated. James said he did not understand that, and that he sent his application for readmission to Indiana with a copy of his order of reinstatement. He admitted that he knew that Admission and Discipline Rule 23(4) regarded character and fitness, but that he still believed mailing the application, paying a fee, and speaking to a clerk with the Supreme Court of Indiana was enough to get him reinstated in Indiana. The Trial Commissioner and Bar Counsel also questioned whether James continued to practice after a judge informed him of his suspended status in August 2013. James stated that opposing counsel informed him of his suspended status, and that the judge called soon after to inform him. James struggled to say definitively whether he filed notices of withdrawal in all his pending cases.
Further, James provided conflicting testimony regarding his belief that he had been reinstated to the Indiana Bar. On direct examination, he stated that he spoke with a clerk of the Disciplinary Commission who allegedly told him his application for reinstatement had been approved. On cross-examination, James stated that the clerk's office did not tell him he was reinstated, and rather "somewhere down the road," someone from the Indiana Bar Association told him he had been reinstated. James acknowledged that the Disciplinary Commission and the Indiana Bar Association are distinct entities. Bar Counsel pointed out the rigorous reinstatement process required by the Kentucky Bar: filing an application, paying a fee and any costs owed, participating in a formal Character & Fitness Committee hearing, filing a brief in support of reinstatement, and being reinstated by order of the Supreme Court of Kentucky. As the KBA notes in its brief, "[i]t is fantastical to believe that after going through the long and involved process of reinstatement in Kentucky, [James] thought he would have been automatically reinstated in Indiana by filing a non-compliant application, and paying merely a fraction of the money owed."
G. Michael Witte, the executive director of the Indiana Supreme Court Disciplinary Commission, also testified at the hearing. Witte testified that after James was informed of his suspended status in August 2013, that he appeared with clients at hearings in December 2013, and January, February and April 2014. Further, during Witte's testimony Bar Counsel introduced a certified transcript from a Clark Circuit Court (Indiana) proceeding from September 11, 2015, in which James appeared on behalf of a client. James states that while *691 he may have been sitting at the counsel table, another attorney, Mike Allen (now deceased) was actually the one speaking to the court, and the court reporter erred by listing his name in the transcript.
Witte also testified that in order to be reinstated to the Indiana Bar, an attorney must file an affidavit stating that he gave notice to clients of his suspension, and pay a $ 500 fee, neither of which James did. Additionally, Witte stated that no one in the disciplinary clerk's office should or would have told him that he was automatically reinstated to the Indiana Bar. James asserted that he was never provided a hearing about reinstatement, but Witte stated that James did not have a hearing because he had not yet filed the applicable fee and submitted a compliant petition for reinstatement. Witte also stated that James has not paid his annual license renewal fee in Indiana since 1999 and has not paid the $ 1,000 fine imposed by the Supreme Court of Indiana, which was ordered to be paid within 60 days of the July 15, 2016 order.
The Trial Commissioner issued her report on June 4, 2018. During the hearing, James repeatedly claimed that he believed he had been reinstated to the Indiana Bar, but admitted that he was practicing law without a license. The Trial Commissioner noted that the Indiana judge had put James on notice that he was still suspended, but James claimed that his continued practice was simply the winding down of his cases. James admitted that he never had a written order from Indiana reinstating him to practice law, and the Trial Commissioner noted that if James had any doubt about whether he was reinstated, it would have been easy to call the Office of Bar Counsel and confirm. Further, the Trial Commissioner concluded that James, given the gravity of the issue, knew or should have known that reinstatement was not as easy as simply filling out a form. The Trial Commissioner also noted her belief that James was less than candid to the Supreme Court of Indiana. After reviewing James's prior discipline, the Trial Commissioner recommended a three-year suspension, noting that she was not making the sanction lightly but was particularly troubled by James's lack of candor to the Supreme Court of Indiana and the KBA.
James filed a notice of appeal on July 3, 2018. The Board of Governors (Board) heard oral arguments on September 14, 2018, and filed its report on January 30, 2019. In an 11-7 decision, the Board adopted the findings of the Trial Commissioner and recommended that the Kentucky Supreme Court impose a three-year suspension.
ANALYSIS
I. Count One: Violation of SCR 3.130 (5.5)(a)
SCR 3.130 (5.5)(a) states, "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." James admits that he practiced law in Indiana without a license, thereby admitting to violating SCR 3.130 (5.5)(a) only because there is not a knowledge requirement to the rule. He claims he was still practicing law under the mistaken belief that he had been reinstated in Indiana, based on the language of the Indiana suspension order.[2] James states that at no time did he knowingly intend to *692 violate the rule and asserts that the record contains substantial evidence to indicate that as soon as he learned of the continuing suspension, he took immediate steps to investigate and correct his status. He also alleges that his continued practice was merely the "winding down" of his cases. These arguments are unconvincing.
The record contains a certified transcript from an Indiana trial court hearing on September 11, 2015, listing James as counsel representing a client in a criminal hearing. James repeatedly denied that he represented the criminal client in question, and even blamed the court reporter for incorrectly using his name in a certified transcript. While James testified that he began withdrawing from cases and transferring clients after he learned in August 2013 that he was still under a suspended status, the appearance at the September 2015 hearing shows a disregard for his suspension and the court rules, and a direct violation of SCR 3.130 (5.5)(a).
II. Count Two: Violation of SCR 3.130 (3.4)(c)
SCR 3.130 (3.4)(c) provides that, "[a] lawyer shall not ... knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists ..." The Trial Commissioner found that the 2016 Indiana order was conclusive evidence of James's misconduct. Again, James admits that he continued to practice law while suspended, despite his persistent assertions that he believed he had been reinstated and therefore he did not knowingly violate any court orders.
As noted above, the Trial Commissioner questioned James regarding whether he truly believed, after having been through the rigorous reinstatement process in Kentucky, that filing a petition and paying a partial fee was sufficient for reinstatement in Indiana. He acknowledged that he never personally received a reinstatement order in Kentucky or Indiana, but that it did not concern him. Further, Witte's testimony confirmed that James practiced law after being notified in August 2013 that his license was still suspended, noting four cases James handled after the additional notice. The Trial Commissioner succinctly summarized the hearing as follows - James's testimony "seemed to divulge into two different and distinct paths: Path A: The somebody told me' path or Path B: It's not my responsibility' path."
III. Count Three: Violation of SCR 3.130 (3.3)(a)(1)
SCR 3.130 (3.3)(a)(1) states in pertinent part, "[a] lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." In his response to the Supreme Court of Indiana, James stated that he believed he had been reinstated to practice law in Indiana. But as outlined above, James represented a client in September 2015 after expressly being put on notice that he was still suspended as of August 2013. James did not dispute that he learned of his suspended status in August 2013 from both a colleague and a judge. Therefore, James violated the rule by making the false statement to the Supreme Court of Indiana that he believed he had been reinstated to practice law in the state.
IV. Discipline
Given James's prior disciplinary history, we agree with the Trial Commissioner that a three-year suspension is the appropriate sanction. See *693 Kentucky Bar Ass'n v. Glidewell, 307 S.W.3d 625 (Ky. 2010) (imposing a three-year suspension on an attorney found guilty of disobeying the rules of a tribunal and of engaging in the unauthorized practice of law); Kentucky Bar Ass'n v. Burlew, 281 S.W.3d 768 (Ky. 2009) (imposing a three-year suspension on an attorney found guilty of several violations in three KBA files, and whose prior discipline included a 181-day suspension and several private admonitions); Kentucky Bar Ass'n v. Kaiser, 814 S.W.2d 923 (Ky. 1991) (imposing a three-year suspension on an attorney found guilty of eight rule violations in two KBA files related to her unauthorized practice of law).
Additionally, the American Bar Association (ABA) Standards for Imposing Lawyer Sanctions states that the purpose of lawyer discipline "is to protect the public and the administration of justice from lawyers who have not discharged, will not discharge, or are unlikely properly to discharge their professional duties to clients, the public, the legal system, and the legal profession." There are also factors justifying aggravation of the discipline to be imposed, many of which are present in this case: prior disciplinary offenses, a pattern of misconduct, multiple offenses, substantial experience in the practice of law, and refusal to acknowledge the wrongful nature of his conduct. ABA Standards § 9.22(a). James has extensive disciplinary history with the KBA and has demonstrated a pattern of misconduct. Further, there are multiple offenses charged in this case. James is also experienced in the practice of law, having been admitted to the bar in 1985 and being a member of the bar in three other states. Moreover, he is familiar with the formal reinstatement procedures, having been reinstated to the Kentucky Bar in 2009. James has never taken responsibility for his conduct, but instead has blamed others, including a court reporter and the Indiana Disciplinary Commission.
CONCLUSION
After reviewing the record and James's disciplinary history, we find that the Trial Commissioner appropriately considered the facts and the law in finding James guilty and recommending a three-year suspension.
It is hereby ORDERED that:
1. Michael L. James is adjudicated guilty of violating SCR 3.130 (5.5)(a), 3.130(3.4)(c), and 3.130(3.3)(a)(1).
2. James is suspended from the practice of law in the Commonwealth of Kentucky for a period of three (3) years. This period of suspension shall commence on the date of entry of this Opinion and Order.
3. To the extent necessary, James shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, he shall immediately cancel and cease any advertising activities in which he is engaged.
4. Pursuant to SCR 3.450, James is ordered to pay all costs associated with these disciplinary proceedings, said sum being $ 1,779.61, and for which execution may issue from this Court upon finality of this Opinion and Order.
/s/ John D. Minton, Jr.
CHIEF JUSTICE
All sitting. All concur.

In the Findings of Fact, Conclusions of Law and Recommendation of the Board of Governors, filed on January 30, 2019, James's bar roster address is 3201 Leith Lane *811, Louisville, Kentucky 40218. However, in the charge that initiated these disciplinary proceedings, the Inquiry Commission listed James's bar roster address as 123 S. 7th Street, Louisville, Kentucky 40202.

James states that he believed he would automatically be reinstated to the Indiana bar based on the March 1999 Indiana suspension order which states that he would be "automatically reinstated once he demonstrated that he was reinstated to practice law in Kentucky." But a more recent, August 2000 order stated that at the end of his suspension period, he could petition for reinstatement, provided he could satisfy the requirements of Admission and Discipline Rule 23(4) and demonstrate readmission to the Kentucky Bar.