TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0039-KB

IN RE: DARREN CRAIG LAMB

IN SUPREME COURT

## OPINION & ORDER

This case is before the Court upon the Office of Bar Counsel's (OBC) Motion for Reciprocal Discipline pursuant to Supreme Court Rule (SCR) 3.435. Darren Craig Lamb has been publicly censured by the Supreme Court of Tennessee. His bar number in Kentucky is 99443, and his listed address is 2655 Butterworth Road, Murray, KY 42071. In February 2025, this Court issued a show cause order to Lamb, requiring him to file a response within twenty days of receiving said order and explaining why reciprocal discipline should not be imposed. Lamb has not responded. SCR 3.435(4) requires reciprocal discipline be imposed unless the attorney can demonstrate either lack of jurisdiction or fraud in the out-of-state proceeding, or the misconduct warrants substantially different punishment in Kentucky. Lamb having failed to do either, OBC's motion is granted.

"SCR 3.435 applies to those situations where members of the KBA have been sanctioned for ethical violations in other states." *Kentucky Bar Ass'n v. Calloway*, 224 S.W.3d 585, 586 (Ky. 2007). "[T]he rule requires us to recognize that a final adjudication of misconduct in another jurisdiction establishes

conclusively the misconduct for purposes of a disciplinary proceeding in Kentucky." *Id.*

On January 8, 2025, the Board of Professional Responsibility of the Supreme Court of Tennessee imposed a public censure upon Lamb for violations of Rules of Professional Conduct 4.1 (truthfulness in statements to others), 8.4(b) (criminal conduct), 8.4(c) (dishonesty), 8.4(d) (conduct prejudicial to the administration of justice), and 8.4(g) (violation of a court order). The underlying facts are that a former romantic partner of Lamb ended their relationship and obtained a temporary order of protection from him. Lamb repeatedly made contact with the complainant despite the protective order. In one instance, Lamb downloaded a civil warrant form from the General Sessions Court (a court in Tennessee analogous to our District Court) and posted it to the complainant's door. Lamb filled out the civil warrant form, including the portion reserved for the court clerk and listing an initial court hearing date, to give the false impression that he had filed suit against the complainant for repayment of a personal loan. Lamb was then charged for harassment, stalking, and contempt. He pleaded no contest and was granted judicial diversion.

Tennessee's rule 4.1 has its counterpart in SCR 3.130(4.1)(a).[1] This rule is applicable as Lamb, in posting the false civil warrant, made it appear as if he was representing himself in a civil matter against the complainant. Tennessee's

---

[1] "In the course of representing a client a lawyer: (a) shall not knowingly make a false statement of material fact or law to a third person[.]"

8.4(b) and (c) are mirrored in SCR 3.130(8.4)(b)[2] and (c).[3] These rules are applicable as Lamb pleaded no contest to several criminal charges including harassment, stalking, and contempt. A plea of no contest is the equivalent of a conviction under our Rules. *Kentucky Bar Ass'n v. Taylor*, 549 S.W.2d 508, 509 n.1 (Ky. 1976). There is no counterpart in Kentucky to Tennessee's rule 8.4(d). Finally, OBC contends the counterpart to Tennessee's rule 8.4(g) is SCR 3.130(3.4)(c).[4]

We are not so sure that is the appropriate rule in this context. SCR 3.130(3.4)(c) is oriented to trial conduct. Despite this, the rule has been used to justify discipline for non-trial conduct. *Kentucky Bar Ass'n v. Moore*, 499 S.W.3d 280, 281-82 (Ky. 2016) (sustaining violation for failure to comply with KYLAP conditions); *Kentucky Bar Ass'n v. James*, 575 S.W.3d 687, 692 (Ky. 2019) (sustaining violation for failure to comply with provisions of reinstatement to the practice of law in Indiana). Typically, however, violations of protective orders are criminal offenses. KRS 403.763. Thus, violations of protective orders are better treated under our rules as violations of SCR 3.130(8.4)(b). *Kentucky Bar Ass'n v. Colston*, 54 S.W.3d 158, 158-59 (Ky. 2001) (public reprimand and suspended six-month probation for convictions of

---

[2] It is professional misconduct to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]"

[3] It is professional misconduct to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

[4] "A lawyer shall not: knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]"

sending harassing communications and violation of a protective order);[5] *see also Kentucky Bar Ass'n v. Davis*, 819 S.W.2d 317 (Ky. 1991) (public reprimand for lawyer convicted of Class B misdemeanor of sending harassing communications).

Given Lamb's failure to respond to our show cause order, and based on *Colston* and *Davis*, we conclude public reprimand is a suitable discipline in this case.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Darren Craig Lamb is adjudicated guilty of unprofessional conduct based on the facts set out above.

2. Darren Craig Lamb is Publicly Reprimanded for his conduct.

3. In accordance with SCR 3.450, Darren Craig Lamb shall pay all costs associated with these disciplinary proceedings, for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: September 18, 2025

_____
CHIEF JUSTICE

---

[5] *Colston* is the only case we can find imposing discipline specifically for violation of a protective order.