David M. COORSSEN, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2008-SC-000490-KB.

Supreme Court of Kentucky.

Oct. 23, 2008.

## OPINION AND ORDER

Movant, David M. Coorssen, pursuant to SCR 3.480(2), moves this Court to enter an Order resolving the two pending disciplinary proceedings against him (KBA File Nos. 14709 and 15693) by suspending his license to practice law in the Commonwealth of Kentucky for one year, with 181 days to be served and the remainder probated for two years upon the condition that Movant participate in the Kentucky Lawyer Assistance Program and attend remedial ethics education. The Kentucky Bar Association (KBA) states that it has no objection to the motion. For the following reasons, the motion is granted.

## I. Background

Movant was admitted to the practice of law in the Commonwealth of Kentucky on October 22, 1993; his KBA member number is 84859. He was suspended for noncompliance with his Continuing Legal Education requirements on February 14, 2007. Movant's bar roster address is 600 West Main Street, Suite 100, Louisville, Kentucky 40202. His current address is 3807 Warner Avenue, Louisville, Kentucky 40207.

### A. KBA File 14709

■ On January 4, 2006, Movant was hired by Richard Brady to represent him in a criminal matter in the Jefferson Circuit Court. Brady paid Movant $5,000.00 for his representation. Brady was indicted on January 9, 2006 in the Jefferson Circuit Court on four counts of illegal possession of a controlled substance in the first degree, illegal use or possession of drug paraphernalia, operating a motor vehicle under the influence of intoxicants (first offense), and reckless driving.

At a pretrial conference on March 10, 2006, it was agreed that the case would be passed until April 2006, for Movant to review the plea offer made by the Commonwealth. The offer was better than one tendered to Brady's previous attorney. At the pretrial conference on April 26, 2006, Movant told the Court that he was concerned about the effect a diversion plea would have on Brady's employment. Movant asked the Judge if he could have time to research that issue. The Judge agreed to pass the case for another pretrial conference. This diversion, assuming Brady remained sober and conviction free, would have resulted in the case being dismissed.

On June 26, 2006, Movant appeared late to the final pretrial conference. Before Movant arrived, Brady told the Judge that Movant had not returned his telephone

calls and that he did not know what type of research Movant had conducted regarding the effect of diversion on his job. The prosecuting attorney also told the Judge that she had not talked to Movant and they had not discussed a plea offer. After Movant appeared, he told the Judge that he could not find any research. The case was passed to October 16, 2006 for another pretrial conference.

After the pretrial conference in April 2006, Brady repeatedly called Movant during the month of May 2006 to discuss Movant's research regarding diversion. Brady stated that he spoke with Movant once during this time period and was instructed by Movant to call back on June 22, 2006. Brady called Movant several more times in June, but was never able to reach him. Movant never returned any of Brady's calls.

After the pretrial conference held on June 26, 2006, Brady went to Movant's office to terminate the attorney-client relationship. Movant was not at his office, but Brady reached him by telephone. Movant admitted that he owed Brady a partial refund of the $5,000.00 fee and asked Brady to call him back on June 30, 2006, regarding the refund.

Brady called Movant's cell phone the morning of June 30, 2006, but was unable to leave a message because Movant's voicemail on his cellular phone was "full." Brady then called Movant's office and was directed to the office manager. The office manager informed Brady that he would get in contact with Movant over the weekend and that Brady should hear something by July 3, 2006.

After receiving no phone call on July 3, 2006, Brady called Movant's office on July 5, 2006 and once again talked to the office manager. The office manager informed Brady that he would contact Movant and tell him Brady had called. Movant called Brady on the afternoon of July 5, 2006 and explained to him that he would call him about a refund of the unearned fee on July 7, 2006. During the telephone conversation, Brady offered to pick up his file on July 7, 2006. However, Movant told Brady that he would deliver the file personally to Brady's new lawyer or have an office runner take the file to Brady's new attorney on July 10, 2006. Around this time period, Brady hired a new attorney, David Schuler. Movant contacted Mr. Schuler in an effort to determine the refund of the fee.

Movant failed to deliver the file to Brady's new attorney as promised. On July 12, 2006, Brady once again went to Movant's office where he spoke with Movant and was assured that he would have his refund by July 14, 2006 and that his file would be delivered to his new attorney by July 13, 2006. Movant had two or three scheduled meetings with Brady's new attorney in an attempt to deliver the file and refund the fee. According to Movant, those meetings were cancelled either by him or Mr. Schuler.

Between July 17 and July 19, 2006, Brady called and left messages on Movant's office phone. On July 19, 2006, Movant called Brady and left a message that he should call to set up an appointment on July 26, 2006 to receive his refund. Brady called Movant's office on the afternoon of July 19, 2006 in order to set up an appointment regarding his refund. Movant did not return his phone call.

On July 24, 2006, Brady mailed a certified letter to Movant and asked him to refund his money and give him access to his file. Movant called Brady on July 28, 2006 and explained to him that he would have his refund check by August 14, 2006. Brady's new attorney called Movant and scheduled a meeting for August 14, 2006

regarding the return of the file and the unearned fee. Movant cancelled the August 14, 2006 meeting. Movant spoke with Brady's new attorney on August 23, 2006 and stated that he was mailing Brady the refund of his unearned fee. He failed to do so.

Movant finally returned the money to Brady around February 28, 2008. He refunded the entire amount Brady had paid.

The Inquiry Commission issued a two count Charge against Movant. Count I alleged that Movant violated SCR 3.130–1.4(a) and (b) when he failed to return repeated telephone calls from Brady regarding the case, the refund of his fee, and the return of his file, and otherwise failed to communicate with the client or respond to his inquiries; and when he failed to discuss with Brady the research about diversion or the plea offer in order to allow him to make an informed decision regarding the representation. Count II alleged that Movant violated SCR 3.130–1.16(d) when, upon termination of the attorney/client relationship, he failed to return an unearned fee and the client file to his client or to the client's new attorney.

### KBA FILE 15693

█ Yolanda Fish met with Movant in October 2006, and hired him to file a petition for dissolution of marriage. Movant did not file the petition before Fish filed on her own a petition for dissolution of marriage on November 13, 2006. Thereafter, Ms. Fish paid Movant $2,200.00 to represent her in the dissolution of marriage action.

A mediation was scheduled in the case in January 2007. Ms. Fish was informed about the mediation by her husband, not by Movant. The day before the mediation, Ms. Fish's husband informed her that the mediation had been cancelled by Movant. Movant failed to take any other action on her behalf in the divorce case. Ms. Fish called Movant, who informed her that the mediation had been rescheduled. After about six weeks of being unable to reach Movant, Ms. Fish learned that he no longer worked at his law firm. She then called Movant on his cell phone and requested he call her back or refund her money. Movant returned Ms. Fish's call stating that he had been suspended from the practice of law and that he would help her find another lawyer to represent her in the divorce action. Ms. Fish never heard from Movant again. She had to hire another attorney and her divorce action was concluded on September 4, 2007.

Movant refunded the money to Ms. Fish in the spring of 2008.

The Inquiry Commission issued a six-count Charge against Movant. Count I alleged that Movant violated SCR 3.130–1.3 when he failed to diligently represent Yolanda Fish in her divorce case after being paid to do so. Count II alleged that Movant violated SCR 3.130–1.4(a) and (b) when he failed to return his client's phone calls or provide her with information regarding the status of her dissolution of marriage case, including, but not limited to, failing to inform her about the scheduling of mediation. Count III alleged that Movant violated SCR 3.130–1.16(d) when he failed to return an unearned fee to Yolanda Fish after he had been suspended from the practice of law; and failed to properly withdraw from representing Ms. Fish after he had been suspended. Count IV alleged that Movant violated SCR 3.130–3.4(c) when he failed to comply with the Supreme Court's Order of Suspension by not notifying Yolanda Fish in writing in a timely fashion that he had been suspended from the practice of law and could no longer represent her in her dissolution of marriage action. Count V alleged that Movant violated SCR 3.130–1.15(b) when

he failed to deliver to Yolanda Fish the unearned fee that she was entitled to receive after he was suspended from the practice of law in the Commonwealth of Kentucky and could no longer represent her in her dissolution of marriage action. Count VI alleged that Movant violated SCR 3.130–8.3(c) when upon termination of the attorney/client relationship, he kept an unearned fee that should have been returned to his client when he could no longer represent her after he was suspended from the practice of law.

## II.  Analysis

Movant admits in his motion that he committed all the violations alleged in the Charges in KBA Files 14709 and 15693 and described above.  He also agrees to the imposition of discipline.  The negotiated sanction rule provides that the KBA may "object[ ] to the terms proposed. . . ." SCR 3.480(2).  Upon receiving such objection, "if the Court determines good cause exists, [it] shall remand the case for hearing or other proceedings specified in the order of remand." *Id.* However, the KBA has stated that it has no objection to the sanction proposed by Movant.

■  Nevertheless, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* The discipline proposed by Movant being adequate, the Court hereby approves it and therefore declines further review of the matter.

## Order

ACCORDINGLY, IT IS ORDERED THAT:

■  1.  Movant, David M. Coorssen, is suspended from the practice of law in the Commonwealth of Kentucky for one year, with one-hundred and eighty-one (181) days to be served, and the remainder probated for two years subject to the following conditions:

a.  Movant must refrain from alcohol or drug use and must participate in the Kentucky Lawyer Assistance Program pursuant to the Supervision Agreement that he entered into on June 1, 2008 during the two-year probation period.

b.  Movant must attend the next scheduled Ethics and Enhancement Professionalism Program offered by the Office of Bar Counsel, for which he will not register or apply for any Continuing Legal Education requirements or credits. Movant must sign a waiver and release to permit the Office of Bar Counsel to review his records maintained by the CLE Commissioner to verify that he has not requested such credit.

2.  If Movant fails to abide by any of the terms of discipline set forth herein during the two-year probationary period, upon Motion of the KBA, the Court may suspend Movant for the remainder of the one-year suspension.

3.  In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $121.49, for which execution may issue from this Court upon finality of this Opinion and Order.

4.  In accordance with SCR 3.390, Movant shall notify all Courts in which he has matters pending, and all clients for whom he is actively involved in litigation and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel.  Such notification shall be by letter duly placed in the United States mail within ten days of the date of this Order of suspension, and Movant shall simultaneously provide a copy of all such

letters to the Director of the Kentucky Bar Association. Movant shall immediately, to the extent possible, cancel and cease any advertising activities in which his is engaged.

MINTON, C.J.; CUNNINGHAM, NOBLE, SCHRODER, SCOTT and VENTERS, JJ., concur. ABRAMSON, J., not sitting.

ENTERED: October 23, 2008.

/s/ John D. Minton
Chief Justice