TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000335-KB

KENTUCKY BAR ASSOCIATION                                          MOVANT

V.                         IN SUPREME COURT

JEFFREY OWENS MOORE                                          RESPONDENT

## OPINION AND ORDER

Jeffrey Owens Moore was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2008. His Kentucky Bar Association (KBA) number is 92333, and his bar roster address is 3265 Paris Pike, Mount Sterling, Kentucky, 40353. The KBA's Board of Governors considered a four-count charge against Moore. The case came before the Board as a default case pursuant to SCR 3.210 after Moore failed to respond to the charge. With three members recusing, the remaining members of the Board found Moore guilty of two of the charged counts unanimously and found him guilty of the remaining two counts by a vote of thirteen to two. The Board recommends this Court suspend Moore from the practice of law for one year, with sixty-one days to serve and the remainder probated for one year with conditions.

Pursuant to SCR 3.370(7), after the Board of Governors files its decision with the Disciplinary Clerk, either Bar Counsel or the Respondent may file a notice of review with this Court. If neither party files a notice of review (as is the case here), this Court has two options: 1) under SCR 3.370(8) we may

inform Bar Counsel and Respondent that we will review the decision and order the parties to file briefs or 2) under SCR 3.370(9) we may enter an order adopting the decision of the Board. In the case at bar, we exercise our authority under SCR 3.370(9) and adopt the recommendation of the Board. This Court recently indefinitely suspended Moore from the practice of law pursuant to SCR 3.380(2) for his failure to respond to the charges herein. However, this Court had not issued Moore's indefinite suspension at the time the KBA submitted the current matter to the Court. Therefore, the Board of Governors did not take the indefinite suspension into account in its recommendation. We adopt the Board's recommended suspension and impose it concurrently with Moore's current indefinite suspension.

## I. BACKGROUND

Moore represented a couple who paid him $4,100 for legal services. During the course of the representation, Moore also borrowed $2,000 from his clients. Moore did provide some legal services for his clients, ultimately losing at the circuit court and filing an appeal to the Court of Appeals. Moore failed to file a prehearing statement as ordered by the Court of Appeals and failed to file pleadings even after that court gave him a time extension. After missing several deadlines, Moore eventually filed a motion to withdraw as counsel. The Court of Appeals denied Moore's motion to withdraw and granted the opposing counsel's motion to dismiss the appeal.

During the pendency of the appeal, Moore's clients became dissatisfied with his representation and hired separate counsel. The new counsel wrote to

2

Moore seeking his new clients' file, an account of the money Moore received for legal services, and repayment of the $2,000 loan. It appears that Moore initially agreed to repay the loan, but did not honor his agreement—instead, attempting to discharge the debt in bankruptcy. The bankruptcy court denied the discharge.

The Inquiry Commission filed a complaint, to which Moore responded. In his response, Moore acknowledged obtaining the personal loan from his clients, agreeing to repay them, failing to do so, and, instead, filing for bankruptcy. Moore also stated that he had received $4,100 in payments from his clients for legal services, but that he had encountered difficulty in obtaining records to account for the services, as some of his files were lost in a car accident. Following this initial response, Moore failed to respond to a request for information sent by bar counsel. He later claimed a family medical emergency had overwhelmed him and led to the oversight. Ultimately, a four-count charge issued, and, again, Moore failed to respond.

Count I of Moore's charge alleges he violated SCR 3.130-1.8(a). That rule prohibits lawyers from entering "into a business transaction with a client or knowingly acquir[ing] . . . [a] pecuniary interest adverse to a client" unless enumerated exceptions are met. Count II charged Moore with violating SCR 3.130-8.4(c) which states: "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Count III alleges Moore violated SCR 3.130-1.15(b) which requires a lawyer to "promptly deliver to the client any funds or other property that the client is

3

entitled to receive, and upon request by the client, shall promptly render a full accounting regarding such property." And, finally, Count IV charged Moore with violating SCR 3.130-1.16(d) which requires "[u]pon termination of representation, a lawyer shall . . . surrender papers and property to which the client is entitled and refund[] any advance payment of fee or expense that has not been earned or incurred."

With three members recusing, the Board unanimously found Moore guilty of Counts I and III, and found him guilty of Counts II and IV by a vote of thirteen to two.

## II. ANALYSIS

We agree with the Board's findings that Moore is guilty of all four counts. As to Count I, Moore entered into a business transaction and acquired a monetary interest adverse to his clients in violation of SCR 3.130-1.8(a) when he took a loan from his clients without meeting the enumerated exceptions to the rule. We also agree that Moore engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation pursuant to Count II when he told his clients he would repay the loan, but attempted to have it discharged in bankruptcy instead. This conduct amounted to a violation of SCR 3.130-8.4(c). Further, we agree with the Board that Moore violated SCR 3.130-1.15(b) as charged in Count III when he failed to deliver his clients' funds and likewise failed to promptly account for them. Finally, we agree with the Board as to Count IV, in which it found him guilty of violating SCR 3.130-1.16(d) for failing

4

to return his clients' papers and property and to refund any unearned portion of their fee when they terminated his representation.

In reaching its recommended discipline in this matter, the Board considered the fact that Moore had received two previous private admonitions—one for failing to respond to a client's request to return the excess of a reduced bond until the client submitted a complaint, and the other for performing a criminal act reflecting adversely on his honesty, trustworthiness, or fitness when he pled guilty to operating a motor vehicle while under the influence. In addition to his prior disciplinary history, the Board also considered Moore's dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding, and indifference in making restitution as aggravating factors. In mitigation, the Board considered Moore's personal or emotional problems.

Ultimately, eleven members of the Board recommended Moore be suspended for one year, with sixty-one days to serve and the remainder probated for one year upon the conditions of repayment of the $2,000 loan to his clients and completion of the Ethics and Professionalism Enhancement Program (EPEP).

After reviewing discipline this Court has imposed for similar actions, we agree that this is the appropriate sanction and adopt the Board's recommendation. Specifically, in *Coorssen v. Kentucky Bar Ass'n*, 266 S.W.3d 237, 240 (Ky. 2008), in addition to other acts of misconduct, Coorssen repeatedly failed to return his client's phone calls, failed to refund the client's fee, and failed to turn over his client's file when the client terminated

5

representation. This Court accepted the negotiated sanction in that case and suspended Coorssen from the practice of law for one year, with one-hundred-eighty-one days to serve and the remainder probated for two years conditioned upon successfully completing EPEP. We believe Moore's conduct is comparable to Coorssen's, apart from the fact that Coorssen's misconduct involved multiple sets of clients. This distinction accounts for the difference between the sixty-one day suspension to serve imposed in the current case, as opposed to Coorssen's one-hundred-eighty-one days to serve.

## III. ORDER

Agreeing that the Board's recommendation is appropriate, it is ORDERED that:

1. Jeffrey Owens Moore, is found guilty of violating the Rules of Professional Responsibility as detailed above.

2. Moore is suspended from the practice of law in the Commonwealth of Kentucky for one year, with sixty-one days to serve. The remainder of the suspension is probated for one year, with conditions. The suspension imposed by this order shall be served concurrently with Moore's indefinite suspension.

3. The probation of Moore's suspension is conditioned upon his repayment of the $2,000 loan he borrowed from his clients. He shall provide proof of such payment to the Office of Bar Counsel within sixty days of the commencement of this suspension.

4. Moore's probation is further conditioned upon his attendance and successful completion of EPEP within one year of the commencement of this suspension ("successful completion" includes receiving a passing score on the exam given at the end of EPEP). Moore will not apply for Continuing Legal Education credit of any kind for his completion of EPEP. He will furnish a release and waiver to the Office of Bar Counsel to review his records of the CLE Department that might otherwise be confidential, such release to continue in effect until one year after he completes his remedial education, in order to allow the Office of Bar Counsel to verify that he has not reported any such hours to the CLE Commission.

5. If Moore fails to comply with any of the terms of discipline as set forth herein, the Office of Bar Counsel may petition this Court to impose the full one-year suspension.

6. In accordance with SCR 3.450, Moore is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $305.30, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 22, 2016.

_____
CHIEF JUSTICE

7