TO BE PUBLISHED

# Supreme Court of Kentucky

2016-SC-000387-KB

**FINAL**

DATE 11/1/16 _Kim Redman_, DC

KENTUCKY BAR ASSOCIATION                                        MOVANT


V.                        IN SUPREME COURT


JEFFREY OWENS MOORE                                        RESPONDENT


## OPINION AND ORDER

Jeffrey Owens Moore was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2008. His Kentucky Bar Association (KBA) number is 92333, and his bar roster address is 3265 Paris Pike, Mount Sterling, Kentucky, 40353. The KBA's Board of Governors considered two separate files against Moore in this matter—one containing a two-count charge and the other a three-count charge. The cases came before the Board as default cases pursuant to SCR 3.210 after Moore failed to respond to the charges. With two members recusing, the remaining members of the Board unanimously found Moore guilty of all five counts. The Board recommends this Court suspend Moore from the practice of law for one year, to be served consecutively to his current suspensions; order Moore to repay a loan to a client; order Moore to participate and comply with the Kentucky Lawyer Assistance Program (KYLAP); and order Moore to pay the costs of this action.

Pursuant to SCR 3.370(7), after the Board of Governors files its decision with the Disciplinary Clerk, either Bar Counsel or the Respondent may file a notice of review with this Court. If neither party files a notice of review (as is the case here), this Court has two options: 1) under SCR 3.370(8) we may inform Bar Counsel and Respondent that we will review the decision and order the parties to file briefs or 2) under SCR 3.370(9) we may enter an order adopting the decision of the Board. In the case at bar, we exercise our authority under SCR 3.370(9) and adopt the recommendation of the Board.

## I. KBA FILE 23041

In 2014, Moore was charged with public intoxication when he was under the influence in the jury box in the Montgomery District courtroom. He had both benzodiazepines and oxycodone in his system. Moore acknowledged having problems with addiction, claiming it began after these drugs were prescribed to him in 2011 following heart surgery. Criminal prosecution was deferred and Moore was given an opportunity to obtain treatment. At the time, the Inquiry Commission issued a private admonition with a condition requiring written updates to be provided to the Office of Bar Counsel every three months for a period of one year concerning his compliance with KYLAP. Moore was warned failure to comply with the condition could result in a further charge under SCR 3.130(3.4)(c). In February of this year, the Inquiry Commission revoked the private admonition as a result of Moore's non-compliance with KYLAP.

Following the revocation of the private admonition, Moore was charged with two counts. Count I charged Moore with violating SCR 3.130(8.4)(b) by engaging in a "criminal act that reflects adversely on [his] honesty, trustworthiness or fitness as a lawyer in other respects." Count II charged Moore with violating SCR 3.130(3.4)(c) by knowingly disobeying "an obligation under the rules of a tribunal . . . ." Moore never answered the charges.

We agree with the Board's unanimous vote and find Moore guilty of these two counts. Moore's appearance in court while under the influence amounted to a violation of SCR 3.130(8.4)(b). Furthermore, Moore failed to comply with his obligations to KYLAP, in violation of SCR 3.130(3.4)(c).

## II. KBA FILE 23469

Moore's client Brenda Banks filed a complaint against Moore in 2015. Moore had represented Banks in a family law matter in 2010 and she hired him again in 2014 to represent her in a divorce action. Moore did file a responsive pleading, but then failed to file a motion to transfer, or do any further work on the case. Banks eventually hired other counsel to finalize her divorce. During the course of the representation, Moore borrowed $8,510 from Banks, which he later unsuccessfully attempted to have discharged in bankruptcy.

Based on these events, the Inquiry Commission filed a three-count charge against Moore. Count I alleged Moore violated SCR 3.130(1.3) by failing to "act with reasonable diligence and promptness in representing a client." Count II alleged he violated SCR 3.130(1.8)(a) by entering "into a business

3

transaction with a client" without meeting the requisite exceptions provided by the rule. Finally, Count III alleged Moore violated SCR 3.130(8.4)(c) by engaging "in conduce involving dishonesty, fraud, deceit or misrepresentation." Again, Moore did not answer this charge.

We agree with the Board's unanimous vote and find Moore guilty of the counts contained in this charge. His conduct in failing to adequately represent his client, borrowing money from her, and then attempting to have the loan discharged in bankruptcy amounted to violations of SCR 3.130(1.3), (1.8)(a), and (8.4)(c).

### III. DISCIPLINE

For these violations, the Board recommends that we suspend Moore from the practice of law for one year, to be served consecutively with any other discipline; order Moore to repay the $8,510 loan to Banks; order Moore to participate in KYLAP; and order Moore to pay the costs of this action. In reaching its recommended discipline in this matter, the Board considered Moore's prior discipline. Moore had received two previous private admonitions—one for failing to respond to a client's request to return the excess of a reduced bond until the client submitted a complaint, and the other for performing a criminal act reflecting adversely on his honesty, trustworthiness, or fitness when he pled guilty to operating a motor vehicle while under the influence. At the time the Board considered Moore's current case, this Court had yet to rule on yet another case involving Moore. In that matter, we ultimately suspended Moore from the practice of law for one year,

4

with sixty-one days to serve, and the remainder conditioned upon repaying another loan from a client (which he had also unsuccessfully attempted to have discharged in bankruptcy), and completion of our Ethics and Professionalism Enhancement Program. When the Court entered that suspension last month, we ordered that it run concurrently to an indefinite suspension Moore was already under for failing to respond to that same KBA matter. In addition to his prior disciplinary history, the Board also considered Moore's dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding, and indifference in making restitution as aggravating factors. In mitigation, the Board considered Moore's personal or emotional problems.

After reviewing discipline this Court has imposed for similar actions—and specifically, taking into account the number and severity of Moore's recent violations—we agree that this is the appropriate sanction and adopt the Board's recommendation.

## IV. ORDER

Agreeing that the Board's recommendation is appropriate, it is ORDERED that:

1. Jeffrey Owens Moore is found guilty of violating the Rules of Professional Responsibility as detailed above.

2. Moore is suspended from the practice of law in the Commonwealth of Kentucky for one year, to be served consecutively to any other suspension in effect.

3. Moore is ordered to repay the $8,510 loan he took from Banks.

5

4. Moore is ordered to participate and comply with KYLAP.

5. In accordance with SCR 3.450, Moore is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $985.20, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 20, 2016.

CHIEF JUSTICE

6