TO BE PUBLISHED

# Supreme Court of Kentucky

### 2016-SC-0082-KB

KENTUCKY BAR ASSOCIATION                                      MOVANT


V.                                        IN SUPREME COURT


JEFFREY OWENS MOORE                                      RESPONDENT


## OPINION AND ORDER

On August 25, 2016, this Court indefinitely suspended Jeffrey Owens Moore from the practice of law. Since that date, Moore has failed to seek reinstatement. The Kentucky Bar Association (KBA), pursuant to Supreme Court Rule (SCR) 3.167(5), now moves for his permanent disbarment. Moore initially failed to respond to the KBA's motion. After this Court entered an Order for Moore to show cause why he should not be permanently disbarred, Moore moved for an enlargement of time to respond which this Court granted. However, Moore failed to respond within the enlarged timeframe. For the reasons stated below, this Court permanently disbars Moore.

## I. BACKGROUND

This Court has issued three previous orders sanctioning Moore. The first of this Court's three orders was entered on August 25, 2016. *Ky. Bar Ass'n v. Moore*, 493 S.W.3d 358 (Ky. 2016). In that order, this Court indefinitely

suspended Moore for his failure to respond to the charge in an underlying disciplinary case. *Id.* at 359. This suspension followed another order from this Court, entered on June 16, 2016, extending Moore's initial time to respond by twenty days, after which Moore still failed to answer to the charges. *Id.*

Following the indefinite suspension, this Court considered the disciplinary case underlying the August 25 order. *Ky. Bar Ass'n v. Moore*, 498 S.W.3d 786 (Ky. 2016). The charge in that case spanned four counts of misconduct all stemming from Moore's mismanagement of a client relationship. *Id.* at 787. Moore represented a couple who paid him a $4,100 retainer. *Id.* Moore also borrowed $2,000 from the clients. *Id.* Moore tried the clients' case in circuit court. *Id.*

When he lost the case in the circuit court, Moore appealed to the Court of Appeals, but he failed to file a prehearing statement or any pleadings in the appellate court. *Id.* Moore missed several deadlines and attempted to withdraw as counsel. *Id.* During this time, the couple also hired separate counsel. *Id.* Nonetheless, the Court of Appeals denied Moore's motion to withdraw and granted opposing counsel's motion to dismiss. *Id.* Following the dismissal, the couple's new attorney requested the couple's files, an accounting of the $4,100 paid for his representation, and repayment of the $2,000 loan. *Id.* Although Moore initially agreed to repay the loan, he ultimately attempted to have the loan discharged in bankruptcy. *Id.* The bankruptcy court denied the discharge, but Moore still failed to repay the $2,000. *Id.* Moore also failed to successfully account for all $4,100 in legal fees, claiming that his records were lost in a car accident. *Id.*

2

The Inquiry Commission filed a complaint against Moore. *Id.* Moore responded to this initial complaint, but then failed to respond to a request for information sent by Bar Counsel. *Id.* He similarly failed to respond to the four-count charge issued against him. *Id.* at 788. Moore sent to Bar Counsel via email an explanation of his elusive behavior. In that email, he detailed a series of events that made it difficult to address the charge: his father had suffered a stroke, and as a result, Moore became his father's primary caretaker *and* the steward of his father's large working farm; Moore's office had been sold and so, because of this as well as the earlier car accident, it was difficult for him to locate any of his records; and Moore's knee required surgery, which was postponed due to his father's medical trouble, so Moore could not drive to and from court with any ease. *Id.*

This Court ultimately found Moore guilty of each of the four counts detailed in the charge. *Id.* First, Moore was guilty of Count I for entering a business transaction and acquiring a monetary interest adverse to his clients in violation of SCR 3.130-1.8(a). *Id.* He did this by taking a $2,000 loan from his clients in addition to his fee for services. *Id.* He was guilty of Count II for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by telling the clients that he would repay the loan, but then unsuccessfully attempting to discharge it in bankruptcy instead, violating SCR 3.130-8.4(c). *Id.* Moore was similarly guilty of Count III for violating SCR 3.130-1.15(b) when he failed to return his clients' funds or promptly account for them. *Id.* On Count IV, Moore was found guilty of violating SCR 3.130-1.16(d) for failing to

3

return his clients' papers or property, as well as for failing to return the unearned portion of his fee after the clients terminated the representation. *Id.*

For these instances of misconduct, this Court ordered that Moore be suspended for one year with sixty-one days to serve, then probated the remainder for one year. *Id.* at 789. This suspension was to run concurrently with his indefinite suspension. *Id.* Moore was also ordered to repay the $2,000 loan and attend and successfully complete an Ethics and Professionalism Enhancement Program (EPEP) within one year of the order. *Id.*

The Court entered its third order sanctioning Moore on October 20, 2016. *Ky. Bar Ass'n v. Moore*, 499 S.W.3d 280 (Ky. 2016). That case regarded rule violations across two KBA files. The underlying facts of the first KBA file (No. 23041) stem from Moore's 2014 criminal charge of public intoxication for being under the influence of benzodiazepines and oxycodone while in a courtroom. *Id.* at 281. Moore acknowledged that he had struggled with an addiction since being treated for a heart attack in 2011. *Id.* Criminal prosecution was deferred, and the Inquiry Commission privately admonished Moore conditioned upon his compliance with the Kentucky Lawyer Assistance Program (KYLAP). *Id.*

Moore was ordered to provide written updates on his participation in KYLAP to Bar Counsel every three months. *Id.* When he failed to comply, the Inquiry Commission revoked the private admonition. *Id.* at 282. He was then charged with two counts: Count I charged him with violating SCR 3.130(8.4)(b) for engaging in "a criminal act that reflects adversely" on his "honesty, trustworthiness or fitness as a lawyer in other respects;" Count II charged him

4

with violating SCR 3.130(3.4)(c) for knowingly disobeying "an obligation under the rules of a tribunal." *Id.* Moore failed to answer the charge, and this Court found him guilty of both counts. *Id.*

The second KBA file (No. 23469) addressed in our third Order related to Moore's failures in the course of representing a client. *Id.* The client, Brenda Banks, retained Moore for a divorce action. *Id.* Although Moore initially filed a responsive pleading in the action, he failed to do any work afterward on the case. *Id.* Moore did, however, borrow $8,510 from Banks. *Id.*

Banks eventually hired a different lawyer to finalize her divorce. *Id.* Moore tried to get the loan discharged in bankruptcy, but just as with the $2,000 loan he had taken from his other clients, the bankruptcy court denied his motion. *Id.* In light of Moore's actions, the Inquiry Commission filed a three-count charge against Moore. *Id.*

Count I alleged Moore violated SCR 3.130(1.3) by failing to "act with reasonable diligence and promptness in representing a client." *Id.* Count II alleged he violated SCR 3.130(1.8)(a) by entering "into a business transaction with a client" without meeting any exceptions provided. *Id.* Count III alleged that Moore violated SCR 8.130(8.4)(c) by engaging "in conduct involving dishonesty, fraud, deceit or misrepresentation." *Id.* Moore failed to answer this charge. *Id.* Accordingly, this Court found him guilty of these rule violations. We again suspended Moore. *Id.* at 283. This order stipulated that he be suspended for one year (to run *consecutively* to his other suspensions), ordered him to repay the $8,510 loan that he had still failed to repay, and ordered him to participate in KYLAP. *Id.*

5

Although his two one-year suspensions have ended, his indefinite suspension is still in effect. In the last six years, Moore has failed to file for reinstatement. Accordingly, the KBA moved for Moore's permanent disbarment pursuant to SCR 3.167(5). SCR 3.167(5) states that "[i]f a Respondent fails to seek reinstatement within five (5) years after entry of an Order of Indefinite Suspension, the Office of Bar Counsel shall move the Court for permanent disbarment." This Court issued an order for Moore to show cause why he should not be disbarred. Moore subsequently filed a document with this Court titled "Show Cause," in which he wrote,

> Respondent states as his show cause why he should not be permanently disbarred that[] Respondent has undergone 7 surgeries to his right knee and has been unable to answer to questions/summons/motions of this Honorable Court and/or Kentucky Bar Association. In view of this[,] Respondent's numerous surgeries and subsequent recoveries, Respondent requests 60 days to enter a response(s) to all information previously requested.

This Court treated Moore's filing as a motion for enlargement of time to file a response to our show cause order. The KBA responded, stating that it had "no objection to Respondent's Motion for Enlargement of Time to File Response to Show Cause." We granted Moore's request for an enlargement of time. The 60 days have passed, and Moore has failed to provide any further information in accordance with his initial response.

## II. ANALYSIS

As noted above, SCR 3.167(5) provides that "[i]f a Respondent fails to seek reinstatement within five (5) years after entry of an Order of Indefinite Suspension, the Office of Bar Counsel *shall* move the Court for permanent

6

disbarment." (Emphasis added). In the six years since his indefinite suspension was ordered, Moore has not sought reinstatement. Thus, the KBA acted appropriately in moving for Moore's disbarment. Because the language of his only response to this Court's order to show cause is ambiguous, we may consider it either as merely a motion for enlargement, or as an attempt to show cause. In either case, we grant the KBA's motion for permanent disbarment.

If Moore's response titled "show cause" was, as this Court and the KBA have understood it, a motion for additional time to file an actual response, then he has failed to respond to these proceedings. The KBA was under an obligation to move for Moore's disbarment under SCR 3.167(5). Moore initially failed to make any filings regarding the KBA's motion, and only did so to request more time to respond to this Court's Order to show cause. In the absence of any material response from Moore as to why he should not be disbarred and given the KBA's outstanding motion, this Court permanently disbars Moore from the practice of law.

Even if we were to consider Moore's filing as a statement showing cause, we still would not be persuaded against permanent disbarment. The reason Moore alleges he should not be disbarred is that he "has undergone 7 surgeries . . . and has been unable to answer questions/summons/motions." Moore submitted this statement without proof of his procedures, their chronology, or any further explanation as to his unavailability or the extent of his need for accommodation. The one accommodation he requested—60 days to file a response—went unused. Unfortunately, what Moore has provided is insufficient to show good cause why he should not be disbarred.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Jeffrey Owens Moore, is permanently disbarred from the practice of law.

(2) Pursuant to SCR 3.390, Moore shall, if he has not already done so in accordance with his suspension, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Moore shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: February 16, 2023.

_____
CHIEF JUSTICE VANMETER